**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-1339**

---

JAMESON WEATHERFORD,

          Petitioner,

      v.

DEPARTMENT OF HOMELAND SECURITY; TRANSPORTATION SECURITY
ADMINISTRATION,

          Respondents.

---

On Petition for Review of an Order of the Transportation
Security Administration. (12-TSA-0029)

---

Submitted: August 22, 2013     Decided: September 19, 2013

---

Before AGEE, WYNN, and DIAZ, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Jameson Weatherford, Petitioner Pro Se. Sharon Swingle, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jameson R. Weatherford petitions for review of the Transportation Security Administration's ("TSA") order imposing a $1500 penalty for his violation of 49 C.F.R. §§ 1540.105(a), 1540.111(a)(1) (2013). We "must uphold TSA's decisions unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or unsupported by substantial evidence." Suburban Air Freight, Inc. v. Transp. Sec. Admin., 716 F.3d 679, 681 (D.C. Cir. 2013) (internal quotation marks omitted). Having conducted this review, we deny the petition.

First, Weatherford's claims that the administrative law judge ("ALJ") refused to consider his challenges to TSA's authority and denied him his choice of representation are contradicted by the record. The ALJ clearly considered and rejected Weatherford's contention that TSA lacked standing to impose civil penalties, and simply refused to delay the proceedings further following the late appearance of Weatherford's chosen representative, a decision that we do not find arbitrary or capricious.

Similarly belied by the record is Weatherford's suggestion that the ALJ erred by not responding to his inquiries regarding the nature and procedure of the administrative proceedings. Weatherford was alerted repeatedly to the basis of

2

TSA's and the ALJ's authority and notified of the procedural rules governing the administrative process.

Weatherford's assertion that the ALJ may have violated his Fifth Amendment right to remain silent by requiring him to respond to TSA's complaint is also without merit. Weatherford did not properly invoke his right to silence during the administrative proceedings. N. River Ins. Co. v. Stefanou, 831 F.2d 484, 486-87 (4th Cir. 1987).

Last, we find no error in the ALJ's rendering of a decision based on the allegations in the complaint. As the ALJ explained, Weatherford's misunderstanding of TSA's allegations or the administrative process was no excuse for his failing to timely answer the complaint. Accordingly, the ALJ was permitted to deem the complaint's allegations admitted and no other evidence was required to support the decision. 49 C.F.R. §§ 1503.611(d), 1503.629(f)(5) (2013).

We therefore deny Weatherford's petition for review. We also deny Weatherford's pending motion to dismiss and his motion to strike and correct portions of the administrative record. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

3